## Miller v. Klunk

*Donald G. Oyler,* for plaintiff.
*John R. White,* for defendants.

SPICER, *P.J.,* September 19, 1980—The Sheriff of Adams County requested reimbursement for use of his car for trips taken to Virginia and to Bonneauville in Adams County. He travelled to Virginia to investigate the whereabouts of a person who

had escaped from the Adams County Prison. He travelled to Bonneauville to aid in a robbery investigation. In neither instance was he requested to do what he did by any other law enforcement official.

The Adams County Commissioners declined to make payment. They did not dispute the reasonableness of the bills or the fact they were incurred for criminal investigations. They declined payment because they were uncertain the expenses were incurred in discharging official duties of the sheriff under The County Code of August 9, 1955, P.L. 323, as amended, 16 P.S. §414.

The commissioners requested that the sheriff provide them with statutory authority justifying payment. The sheriff, not surprisingly, was unable to comply. At least one case has pointed out there is little in the way of statutory definition of the powers and duties of a sheriff. As was observed in Venneri v. Allegheny County, 12 Pa. Commonwealth Ct. 517, 529, 316 A. 2d 120, 126 (1974): "Quite candidly, however, we are somewhat dismayed by our research disclosure that the Legislature has never chosen to enact legislation delineating the general powers, duties and responsibilities of the sheriff."

The parties have requested the court to rule on the problem pursuant to 42 Pa.C.S.A. §7531 et seq.

Courts have discussed the powers and duties of sheriffs in general terms. However, no Pennsylvania court has ruled on the precise issue before this court. Present practice is of little help. As the court in Venneri, supra, pointed out, there are considerable differences in activities and emphases in the sheriffs' departments of this Commonwealth which vary according to the basic philosophy of the sheriff involved.

The office of sheriff is ancient and maintained in the Pennsylvania Const., Art. IX, §4. It was an office with formidable powers early in its history. There may be considerable differences of opinion as to the extent to which those powers are still retained in today's society. At one time, law enforcement was the function of sheriffs, constables, and the citizenry. Creation of police departments, beginning with Henry Fielding's efforts in London, has been a fairly recent development in our history. It is clear, however, that presently the overwhelming bulk of law enforcement duties are performed in this nation by police. Indeed, in many counties of our Commonwealth, it would appear the sheriff takes little, if any, active role in law enforcement, confining his energies to court related functions.

Historically, however, it is clear the sheriff's main duties related to enforcing the law. For those interested in the development and beginnings of the office, the opinion in Venneri, supra, contains many citations and resource materials.

The sheriff's office existed before there were police officers and Venneri makes it clear the sheriff is not a police officer. However, in view of the lack of any statutory or appellate authority limiting his power, it is this court's opinion that the sheriff retains his law enforcement powers and duties. As has been stated as a general rule in 70 Am. Jur. 2d, Sheriffs, Police and Constables §21:

"The office of sheriff carries with it, in the United States, all of its common-law duties and powers, except as modified by statute.[63] The sheriff is the chief law enforcement officer of the county.[64] As a general rule, sheriffs, within the scope of their re-

spective jurisdictions, are given power, and have the duty, to preserve the peace, arrest and commit to jail all felons, traitors, and other misdoers." (Footnotes omitted.)

The sheriff is claiming he was discharging his official duties and is seeking reimbursement under section 414 of The County Code. The commissioners question that the sheriff has a duty, in today's world, to investigate or aid in the investigation of crimes.

It would appear to this court that the sheriff has no affirmative duty to so act. Many other sheriffs' departments choose not to, as we have pointed out, and we doubt very much the sheriff could be sued for failure to perform this function. Some jurisdictions place an affirmative duty on the sheriff to exercise initiative in preventing crime. Id. However, the basis for such a duty is generally statutory and there is no such basis in Pennsylvania. In light of the practices in many sheriffs' departments, we would be extremely surprised if an appellate court would impose such a duty in our Commonwealth.

It is our opinion, however, that both the power and the duty are discretionary with the sheriff. By tradition of his office, he can, by choice, exercise the powers of that office and assume the duties related to those powers.

While it is clear his power to act does not extend beyond the boundaries of the county, absent statutory authority, id. section 27, it does not follow that he has no power to investigate beyond the borders of Adams County. Any police officer leaving the Commonwealth for investigative purposes leaves his police powers at the border. However, law enforcement necessarily involves, in many cases, in-

vestigations in other jurisdictions. The investigation in this case, we are told, led directly to the apprehension of the escaped prisoner.

Our holding that the sheriff may exercise discretion in assuming powers and duties of law enforcement does not conclude this matter. The county commissioners are not automatically bound to reimburse the sheriff for use of his personal vehicle when he chooses to exercise the powers and duties under discussion.

The section, 16 P.S. §414, reads:

"All county officials and employes may, when authorized by the county commissioners, be reimbursed at the rate of twelve cents (12¢) per mile for the use of their personal vehicle when discharging their official duties or performing a duty imposed upon them unless provisions of law require the payment of a higher rate."

It would appear to us that the commissioners may limit the authorization. We are of the opinion that they could by appropriate action designate and limit the duties for which reimbursement is paid.

It does not appear from the record in this case they have so limited it and in the absence of such a limitation we hold that the sheriff is entitled to reimbursement.

ORDER

And now, September 19, 1980, the judgment of this court is in favor of plaintiff and against defendants.